## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ALEXANDER E. JONES,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil No. A-18-CV-0318-LY** |
| | § | |
| **KELLY R. JONES,** | § | |
| **Defendant** | § | |

### PLAINTIFF'S MOTION TO REMAND

Plaintiff, ALEXANDER E. JONES (hereinafter referred to as "Mr. Jones"), respectfully files Plaintiff's Motion to Remand Civil No. A-18-CV-0318-LY filed by Defendant, KELLY R. JONES (hereinafter referred to as "Ms. Jones"). For the reasons that follow, the Motion should be granted, and the state court family law matter should be remanded back to the state family law court.

### A.  Summary of Procedural History in Family Law State Court

1.    Mr. Jones and Ms. Jones entered into a *Final Decree of Divorce* dated March 23, 2015.

2.    On June 16, 2015, Mr. Jones filed a *Petition to Enforce and Effectuate a Final Decree of Divorce and Petition to Modify the Parent-Child Relationship*. Ms. Jones filed a counterpetition and a *Final Order and Judgment in Suit to Modify Parent-Child Relationship* was rendered on November 15, 2017 after an extensive trial on all claims.

3.      Ms. Jones, through her counsel, Brandi Stokes, subsequently appealed the *Final Order and Judgment in Suit to Modify Parent-Child Relationship* on November 30, 2017.  That state appeal remains active and pending in *Kelly R. Jones, Appellant, v. Alexander Jones, Appellee;* No. 01-18-0051-CV, In the First Court of Appeals, Houston, Texas.

4.      On April 6, 2018, Mr. Jones filed a *Petition to Modify Parent-Child Relationship*, seeking relief from the Court relating to possession and access of the children. A copy of that petition is attached hereto as Exhibit 1.  A *Motion for Temporary Orders and for the Court to Confer with the Children* was filed shortly thereafter on April 13, 2018 for the safety and welfare of the children.   A copy of the *Motion for Temporary Orders* is attached hereto as Exhibit 2.

5.      On April 17, 2018, Ms. Jones filed a *Notice of Removal* seeking to remove the state family law matter to this Court.

## B.  Arguments in Support of Remand to State Family Law Court

This Court should remand the family law matter to the state family law court for the following reasons:

6.      Ms. Jones asserts as grounds for removal that this Court has jurisdiction of the causes of action asserted in Mr. Jones's petition under 28 U.S.C. §1331 (Federal Question) and 28 U.S.C. §1441 (the general removal statute). As a threshold matter, Ms. Jones's removal should fail because her notice fails to explain why any of Mr. Jones's claims arise under federal law. *See* 28 U.S.C. §§1441 (a), 1446(a); *see, e.g., Barringer v. Parker Bros. Empl. Ret. Fund*, 877 F.Supp. 358, 360 (S.D.Tex.1995)

(Plaintiff's motion to remand was granted when Defendant's notice of removal was vague and included only conclusory contentions of federal-question jurisdiction).

7.      The grounds for removal must be ascertainable from an examination of the four corners of the initial pleading and not through the defendant's subjective knowledge or duty to make a further inquiry. *Mumford v. CVS Pharm.*, 719 F.3d 392, 399 (5th Cir.2013); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir.1998) (first-paragraph removal requires clear and unequivocal notice from initial pleading).

8.      An examination of the four corners of the *Petition to Modify the Parent-Child Relationship* filed in State court by Mr. Jones on April 6, 2018, clearly reveals that it contains no claims that create an appropriate basis for removal to Federal court. Therefore, this Court lacks subject matter jurisdiction and should be remanded. 28 U.S.C. §1447(c).

9.      Furthermore, under the domestic relations exception to federal jurisdiction, Federal courts have refused to adjudicate cases involving child custody issues. *Rykers v. Alford*, 832 F.2d 895, 899 (5th Cir. 1987). Federal courts have no jurisdiction over divorce or other domestic relations cases. As the Supreme Court has stated, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–594, 10 S.Ct. 850, 853, 34 L.Ed. 500 (1890). See also *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992); and *Barber v. Barber*, 62 U.S. 582, 21 How. 582, 16 L. Ed. 226, 1858 WL 9327 (1858). The courts have reasoned that (1) the state courts have greater expertise and

interest in domestic matters; (2) such disputes often require ongoing supervision, a task for which the Federal courts are not suited; (3) piecemeal adjudication of such disputes increases the chance of different court systems handing down incompatible decrees; and (4) such cases serve no particular Federal interest, while crowding the Federal court docket. *See, e.g., Jagiella v. Jagiella*, 647 F.2d 561 (5th Cir.1981).

10.   Additionally, Federal district courts do not hear removed actions that seek to collaterally attack orders previously entered by the State court pursuant to the *Rooker-Feldman* doctrine. *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (explaining that Federal district courts lack the jurisdiction to review, modify or nullify final orders of state courts).  As referenced above, the present action is a modification of terms relating to possession and access of the children that are set out in the *Final Order and Judgment in Suit to Modify Parent-Child Relationship*, which is presently on Appeal.  Ms. Jones' *Notice of Appeal* is attached hereto as Exhibit 3.

11.   Alternatively, should the Court determine that Mr. Jones's State court petition does plead a federal question or other grounds for removal, Mr. Jones respectfully requests that the Court sever from this action the family law claims and remand the severed claims to the State court from which the action was removed pursuant to 28 U.S.C. §1441(c)(2).

For the foregoing reasons, the *Petition to Modify the Parent-Child Relationship* filed by Mr. Jones should be remanded to Cause No. D-1-FM-15-005030, in the 53rd Judicial District Court of Travis County, Texas.

### C.  Request to Waive Requirement of State Court Records Supplement

12.     On April 17, 2018, this Court issued its Order requiring Ms. Jones to "supplement the record with state court pleadings" within ten (10) days. Mr. Jones respectfully asserts that, because the issue of whether the Court has jurisdiction to sustain the removal action is derived from the four-corners of Mr. Jones's State court pleading (which has been supplied to the Court both in Ms. Jones's Notice of Removal and this Motion to Remand), the *complete* file (which is voluminous) would not be relevant or helpful to the Court's decision and would further Ms. Jones's dilatory and strategic ploy designed to postpone her involvement in the State court lawsuit. Therefore, Mr. Jones respectfully requests that the Court rescind or otherwise waive, its Order and proceed to a determination without the complete State court file.

### D.  Request for Costs and Expenses

Mr. Jones requests that Ms. Jones be ordered to pay the costs and expenses incurred by Mr. Jones in the amount of $2,500.00 for having to retain attorneys in order to respond to a notice of removal.  *See* 28 U.S.C.A. §1447(c); Federal Rules of Procedure 54(d) for the following reasons:

13.     Ms. Jones removed this action in an attempt to circumvent the State family law court that has retained continuing, exclusive jurisdiction of all matters pertaining to the children of the parties pursuant to Texas Family Code §§155.001, 152.202, and 159.205;

14.     The removal of the State court family law matter is a dilatory and strategic ploy designed to postpone her involvement in the lawsuit;

15.     Ms. Jones was aware of the impropriety of the removal of the State court family law matter as her legal consultant and appellate counsel, Brandi Stokes, attempted the almost identical tactic in her own matter: Case 1:17-CV-00115-RP; *Brandi K. Stokes, Plaintiff, v. Christopher Lance Corsbie, et.al*; In the United States District Court for the Western District of Texas Austin Division.   A copy of the *Order* remanding the case to State family law court is attached hereto as Exhibit 4.   It is also notable that Ms. Jones unilaterally changed the style of the family law matter to eliminate any suggestion of the family law nature when she removed the case to Federal Court - as the true style of the State family law case references the interests of the three minor children. *See* Style of Exhibit 1.

### E.  Prayer

For these reasons, Mr. Jones requests the following:

16.     Ms. Jones's Notice of Removal be remanded to the State family law court, Cause No. D-1-FM-15-005030, in the 53rd Judicial District Court of Travis County, Texas;

17.     Alternatively, should the Court determine that Mr. Jones's State court petition does plead a federal question or other grounds for removal, that the Court sever from this action the family law claims and remand the severed claims to the State family law court, Cause No. D-1-FM-15-005030, in the 53rd Judicial District Court of Travis County, Texas;

18.     The Court's requirement that Ms. Jones supplement the record with State court pleadings be rescinded or waived;

19.     Ms. Jones be ordered to pay the costs and expenses incurred by Mr. Jones for having

to bring this Motion.; and

20.     Should this Court feel that oral argument is necessary, Mr. Jones requests his *Motion*

*to Remand* be set for oral hearing at the earliest possible convenience of this Court.

ALEXANDER E. JONES requests all general relief to which he may be justly

entitled.

Respectfully submitted,

Minton, Burton, Bassett & Collins, P.C.
1100 Guadalupe Street
Austin, TX 78701
Tel: (512) 476 4873
Fax: (512) 479 8315
dminton@mbfc.com


By:  */s/ David F. Minton*
     David F. Minton
     State Bar No. 14192300
     Service email:  eservice@mbfc.com

**ATTORNEYS FOR ALEXANDER E.
JONES**


### Certificate of Service

I certify that a true copy of this document was served on Kelly R. Jones, Pro Se, in accordance with the Federal Rules of Civil Procedure on this the 20th day of April, 2018.


*/s/ David F. Minton*
David F. Minton