IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRANDI K. STOKES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:17-cv-115-RP |
| | § | |
| CHRISTOPHER LANCE CORSBIE, | § | |
| PERRY QUILLIN MINTON, and THE | § | |
| UNITED STATES, | § | |
| | § | |
| Defendants. | § | |
| BRANDI K. STOKES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:17-cv-116-RP |
| | § | |
| CHRISTOPHER LANCE CORSBIE, | § | |
| and THE UNITED STATES, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The above-entitled actions arise out of Plaintiff Brandi K. Stokes's attempt to remove a

contentious and unwieldy family law dispute from state court to federal court. On February 17,

2017, Plaintiff filed a single notice of removal referencing two closely related actions pending before

the 200ᵗʰ Judicial District of Travis County, Texas. Plaintiff is the petitioner in both actions, which

she elected to file in state court.

The first action, Travis County Cause Number D-1-FM-10-3078, is a suit to modify parent-

child relationship, which originally named Defendant Christopher Corsbie as the sole respondent

and sought to modify an order by the state court in a previous suit to modify parent-child

relationship between the same parties. Plaintiff later amended her petition in this action to add a

claim for intentional infliction of emotional distress against Defendant Perry Minton. Defendant

1



Perry Minton is the law partner of Attorney Sam Bassett, who represents Defendant Lance Corsbie in this litigation. Having been removed to federal court, this action is now docketed under Western District of Texas Cause Number 1:17-cv-115-RP. The second action, Travis County Cause Number D-1-FM-16-5347, is a bill of review action, which seeks to vacate the state court's order resolving her previously filed suit to modify parent-child relationship. Having been removed to federal court, this second action is now docketed under Western District of Texas Cause Number 1:17-cv-116-RP. Plaintiff has now filed amended complaints in both actions, adding the United States of America as a defendant.

Several motions are currently pending before the Court. First, Plaintiff has filed a Motion to Seal Pursuant to National Security Case Management. Second, Defendant Christopher Lance Corsbie's has filed a Motion to Sever and Request to Remand Family Law Actions to State Court. Finally, Defendant Perry Minton has filed a Motion to Sever and Request to Remand to State Court. Plaintiff's motion to seal was filed in both actions. Defendants' motions to sever and remand were only filed in Cause Number 1:17-cv-115. Defendant Perry Minton is not a named defendant in Cause Number 1:17-cv-116. However, Defendant Lance Corsbie is a party to both actions. Having reviewed Defendant Corsbie's motion, it is clear he intended to seek relief in both actions. Because Defendant Corsbie's intent is clear and these two actions are closely intertwined, the Court elects to consider his motion as if it were filed in both cases. Doing so avoids the unnecessary delay of requiring Defendant Corsbie to refile the exact same document under a different cause number.

The Court turns first to Plaintiff's motions to seal. The party who files a motion to seal must overcome a strong presumption in favor of access to judicial records. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). While a trial court has the discretion to seal judicial records, this discretion should be exercised sparingly. *Id.* Here, Plaintiff asserts without explanation that this family law dispute involves matters of importance to national security and therefore must be

2

withheld from the public. The Court finds this argument unsubstantiated and unpersuasive and sees no clear reason why a family law dispute would require a deviation from the presumption of public access to judicial records. The Court thus concludes that Plaintiff has not met her burden to demonstrate good cause to seal these two actions in their entirety.

The Court now turns to Defendants' motions to sever and to remand. Having reviewed these motions and the responses thereto, the Court comfortably concludes that it lacks jurisdiction over Plaintiff's claims against Defendants Christopher Corsbie and Perry Minton. Under the domestic relations exception to federal jurisdiction, federal courts have traditionally refused to adjudicate cases involving marital status or child custody issues, *Rykers v. Alford*, 832 F.2d 895, 899 (5th Cir. 1987). Plaintiff has failed to provide a compelling reason why it should do so here. Moreover, the removed actions seek to collaterally attack orders previously entered by the state court and thus cannot be heard in federal district court pursuant to the *Rooker-Feldman* doctrine. *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (explaining that federal district courts lack the jurisdiction to review, modify or nullify final orders of state courts). Thus, the Court concludes that Defendants' motions to sever and remand should be granted.

IT IS HEREBY ORDERED that Plaintiff's Motions to Seal (Cause No. 1:17-cv-115, Dkt. 2; Cause No. 1:17-cv-116, Dkt. 2) and Motions to Seal Pursuant to National Security Case Management (Cause No. 1:17-cv-115, Dkt. 5; Cause No. 1:17-cv-116, Dkt. 5) are hereby **DENIED.** However, the parties are directed to ensure all filings comply with Federal Rule of Civil Procedure 5.2. If necessary, the parties should move to seal specific filings in order to ensure compliance with Rule 5.2.

IT IS FURTHER ORDERED that Defendant Christopher Corsbie's Motion to Sever and Request to Remand, (Cause No. 1:17-cv-115, Dkt. 10), and Defendant Perry Minton's Motion to Sever and Request to Remand, (Cause No. 1:17-cv-115, Dkt. 11) are hereby **GRANTED.** All

claims against Defendants Christopher Corsbie and Perry Minton are hereby remanded to the state court from whence they came. Plaintiff's claims against Defendant Christopher Corsbie in Cause Number 1:17-cv-115 are to be remanded to Cause Number D-1-FM-10-3078 in the 200th Judicial District Court of Travis County, Texas. Plaintiff's claims against Defendant Christopher Corsbie in Cause Number 1:17-cv-116 are to be remanded to Cause Number D-1FM-16-5347 in the 200th Judicial District Court of Travis County, Texas.

IT IS FURTHER ORDERED that Defendants' requests for fees, costs, and expenses are hereby DENIED. However, Plaintiff is admonished that the continued pursuit of groundless removal claims could result in an order requiring her to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," as permitted by 28 U.S.C. § 1447(c).

IT IS FINALLY ORDERED that Plaintiff timely serve the remaining defendant pursuant to Federal Rule of Civil Procedure 4.

SIGNED on April 3, 2017.


ROBERT PITMAN
UNITED STATES DISTRICT JUDGE