**Defendant's Exhibit 10**

Case No. 18-50094

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

BRANDI K. STOKES,

*Plaintiff – Appellant*

v.

CHRISTOPHER LANCE CORSBIE; UNITED STATES OF AMERICA,

*Defendants – Appellees*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION
HONORABLE ROBERT PITMAN, PRESIDING
Case No. 1:17-cv-0116

## BRIEF FOR APPELLANT

BRANDI K STOKES, ESQ.
P.O. Box 301916
Austin, TX 78703
Tel: (512) 206-0202
Fax: (512) 519-2013
Brandi.Stokes@gmail.com
BrandiKStokes.org
*Pro Se* Appellant

## CERTIFICATE OF INTERESTED PERSONS

Case No. 18-50094

BRANDI K. STOKES,
*Plaintiff – Appellant*

v.

CHRISTOPHER LANCE CORSBIE; UNITED STATES OF AMERICA,
*Defendants – Appellees*

     I hereby certify that the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

Brandi K Stokes, *Appellant*

Christopher Lance Corsbie, *Appellee*

United States of America, *Appellee*

Joseph Rodriguez, *Counsel for Appellee United States of America*

Samuel E. Bassett, *former Counsel for Appellee Christopher Lance Corsbie*

Robert D. Ettinger, *former Counsel for Appellee Christopher Lance Corsbie*

Perry Minton, *former Party*

Brandi K Stokes
*Pro Se* Appellant

Dated: March 28, 2018

2

## STATEMENT REGARDING ORAL ARGUMENT

While the facts of this case are quite complex, the issue presented involves technical questions of law that do not hinge upon a full understanding of the fact pattern. As such, oral arguments may not be justified, and Appellant is not requesting oral arguments. However, should this Court determine that it would benefit from the aid of oral arguments, the Appellant is prepared to participate.

# TABLE OF CONTENTS

I.   CERTIFICATE OF INTERESTED PERSONS.................................................2

II.  STATEMENT REGARDING ORAL ARGUMENT.........................................3

III. TABLE OF CONTENTS...............................................................................4

IV. TABLE OF AUTHORITIES..........................................................................5

V.  JURISDICTIONAL STATEMENT..................................................................8

VI. STATEMENT OF ISSUES PRESENTED FOR REVIEW.............................13

VII.   STATEMENT OF THE CASE....................................................................13

VIII.  SUMMARY OF THE ARGUMENT.............................................................14

IX. ARGUMENT.................................................................................................16

    A.   The district court erred by *sui sponte* issuing an order to remand
       claims when challenges to procedural defects had been
       waived.....................................................................................................16

    B.   The district court erred by issuing an order to remand claims upon
       the application of the domestic relations exception to
       jurisdiction.............................................................................................17

    C.   The district court erred by issuing an order to remand claims upon
       the application of the *Rooker-Feldman* doctrine....................................18

X.  CONCLUSION...............................................................................................22

XI. CERTIFICATE OF SERVICE.........................................................................23

XII. CERTIFICATE OF COMPLIANCE...............................................................24

# TABLE OF AUTHORITIES

**CASES**

*In re Allstate Ins. Co.*,
    8 F.3d 219 (5th Cir. 1993)…...........................................................16

*Ankenbrandt v. Richards*,
    504 U.S. 689 (1992)..............................................................15, 17

*Baker v. Goldsmith*,
    582 S.W.2d 404 (Tex. 1979)…………………………….……21

*Barrow v. Hunton*,
    99 U.S. 80 (1878)....................................................................19

*Caldwell v. Barnes*,
    975 S.W.2d 535 (Tex. 1998)....................................................21

*Elk Grove Unified School District v. Newdow*,
    542 U.S. 1 (2004)...................................................................11

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
    544 U.S. 280 (2005).............................................................11, 12

*Gaines v. Fuentes*,
    92 U.S. 10 (1876)....................................................................19

*Harris v. Parker College of Chiropractic*,
    286 F.3d 790 (5th Cir. 2002)………………………………16

*Marbury v. Madison*,
    5 U.S. 137 (1803)……………………………………10, 12, 18

*McEwen v. Harrison*,
    345 S.W.2d 706 (Tex. 1961)....................................................21

*Mosley v. Bowie Cnty. Tex.*,
    275 Fed.Appx. 327 (5th Cir. 2008).............................................21

*Nichols v. Jack Eckerd Corp.*,
    908 S.W.2d 5 (Tex. App.-Houston [1st Dist.] 1995, no writ)………..……..21

*Palmore* v. *Sidoti*,
    466 U.S. 429 (1984)....................................................................................11

*Rykers v. Alford*,
    832 F.2d 895 (5th Cir. 1987)…..………………………………………..17

*Schexnayder v. Entergy Louisiana, Inc.*,
    394 F.3d 280 (5th Cir. 2004)...................................................................9, 11

*In re Shell Oil Co.*,
    932 F.2d 1518 (5th Cir. 1991).....................................................................16

*Truong v. Bank of Am., N.A.*,
    717 F.3d 377 (5th Cir. 2013)..................................................................20, 22

*United States v. Shepherd*,
    23 F.3d 923 (5th Cir. 1994).........................................................................21

*Weekly v. Morrow*,
    204 F.3d 613 (5th Cir. 2000)........................................................................12

## TREATIES

Geneva Convention (I) for the Amelioration of the Condition of the
    Wounded and Sick in Armed Forces in the Field, Aug. 12, 1949,
    6 U.S.T. 3114……………………………………….…………………*passim*

Geneva Convention (II) for the Amelioration of the Condition of
    Wounded, Sick and Shipwrecked Members of Armed Forces at
    Sea, Aug. 12, 1949, 6 U.S.T. 3217………………………...………….*passim*

Geneva Convention (III) Relative to the Treatment of Prisoners of War,
    Aug. 12, 1949, 6 U.S.T. 3316………………………..…………….*passim*

Geneva Convention (IV) Relative to the Protection of Civilian Persons
    in Time of War, Aug. 12, 1949, 6 U.S.T. 3516………..…...…………*passim*

**CONSTITUTIONS**

U.S. Const. art. II, § 2, cl. 2…………………………………………..……..8

U.S. Const. art. VI, cl. 2………………………………………………....10

**STATUTES**

28 U.S.C. § 1257……………………………………………..………..11

28 U.S.C. § 1291…………………………………………………….....9

28 U.S.C. § 1331……………………………………...………..8, 9, 11, 15

28 U.S.C. § 1332……………………………………………11, 15, 17, 18

28 U.S.C. § 1367……………………………………………….8, 9, 10

28 U.S.C. § 1441…………………………………………....8, 10, 16

28 U.S.C. § 1445……………………………………………………10

28 U.S.C. § 1446……………………………………………………16

28 U.S.C. § 1447…………………………………….......................*passim*

28 U.S.C. § 2107……………………………………………,………..9

**MISCELLANEOUS**

S. Exec. Rep. No. 84-9 (1955)……………………………………………..8

Silverman, Bradley G., *Federal Questions and
    the Domestic-Relations Doctrine*, 125 Yale L.J. 1364 (2016)………………10

## JURISDICTIONAL STATEMENT

The district court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1367(a) which provides supplemental jurisdiction over claims arising under state law when such claims are integrally related to a claim brought pursuant to original jurisdiction, and 28 U.S.C. § 1441, which provides removal jurisdiction of state proceedings to the district court. While at the time of filing, there were multiple justifications for invoking 28 U.S.C. § 1331 jurisdiction, for the sake of simplicity, this Court need only look to the Notice of Entitlement to Geneva Conventions Protection filed with the Notice of Removal.[1] Ms. Stokes' invocation of her human rights under the Geneva Conventions along with a claim for federal protection is sufficient to invoke 28 U.S.C. § 1331 jurisdiction over the request for protection pursuant to the Geneva Conventions, and 28 U.S.C. § 1367(a)

---

[1] ROA.14 ("Therefore, Plaintiff invokes and requests Geneva Conventions protection to the fullest extent of the law for herself, for her immediate family members, and for her extended family members."); *see* U.S. Const. art. II, § 2, cl. 2; S. Exec. Rep. No. 84-9 at 25 (1955) ("...[O]nce the treaty is ratified, the United States will have assumed an international obligation...to give effect to its injunctions."); *see generally* Geneva Convention (I) for the Amelioration of the Condition of the Wounded and Sick in Armed Forces in the Field, Aug. 12, 1949, 6 U.S.T. 3114; Geneva Convention (II) for the Amelioration of the Condition of Wounded, Sick and Shipwrecked Members of Armed Forces at Sea, Aug. 12, 1949, 6 U.S.T. 3217; Geneva Convention (III) Relative to the Treatment of Prisoners of War, Aug. 12, 1949, 6 U.S.T. 3316; Geneva Convention (IV) Relative to the Protection of Civilian Persons in Time of War, Aug. 12, 1949, 6 U.S.T. 3516; Hereinafter, the short form "Geneva Conventions" will be used to refer to the series of treaties giving rise to a right of protection.

is sufficient to provide the district court with supplemental jurisdiction over claims arising under state law.[2]

The appeal is from a final judgment that disposes of all parties and claims. The Order of the district court was entered on December 11, 2017, and a Final Judgment was entered on December 20, 2017.[3] Pursuant to 28 U.S.C. § 2107(b), the Appellant timely filed a Notice of Appeal on February 2, 2018.[4]

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which grants the courts of appeals "jurisdiction of appeals from all final decisions of the district courts." While 28 U.S.C. § 1447(d) purports to divest this court of jurisdiction to review remand orders, this Court has construed 28 U.S.C. § 1447(d) to only divest § 1291 jurisdiction in cases where the remand order was strictly based upon a *procedural defect upon receipt of a timely filed motion* or a *lack of subject matter jurisdiction*.[5] When no motion is filed or when a remand order is made upon a basis pursuant to another principle, this statute is not at issue.[6] While the district

---

[2] 28 U.S.C. § 1331; 28 U.S.C. § 1367(a).

[3] ROA.1030-1035.

[4] ROA.1036-1037.

[5] *See Schexnayder v. Entergy La., Inc.,* 394 F.3d 280, 283 (5th Cir. 2004) ("Congress has severely circumscribed the power of federal appellate courts to review remand orders. Section 1447(d) states that '[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.' 28 U.S.C. § 1447(d). Despite the plain language of the statute and the clear directive it provides to federal appellate courts, the Supreme Court has created a limited class of cases that may be reviewed. The premise of this exception is that, for a remand to be unreviewable, the district court must act within the authority granted to it by § 1447(c).")

[6] *See Schexnayder v. Entergy La., Inc.,* 394 F.3d at 283 ("[F]or a remand to be unreviewable, the district court must act within the authority granted to it by § 1447(c)… Non-§ 1447(c) grounds for which a district court might remand a case include those remands made for purely discretionary

court purported to base its remand order, in part, upon a § 1447(c) motion, the district court also acknowledged that no motion for remand was ever filed in this case.[7] While the district court further purported to base its remand order, in part, upon a lack of jurisdiction, the district court did not purport to base its order upon a lack of *subject matter* jurisdiction.[8] Rather, the district court declined jurisdiction 1) pursuant to the domestic relations exception, which is a question of discretionary jurisdiction, and 2) pursuant to the *Rooker-Feldman* doctrine, which is a complex question of appellate jurisdiction that may be reviewed for the purposes of determining applicability of the doctrine.[9] Furthermore, to the extent that § 1447(d) purports to strip this court of jurisdiction to review the constitutionality of its application, § 1447(d) is pre-empted by the Supremacy Clause of the Constitution.[10]

Application of the *domestic relations* exception is arguably not applicable when jurisdiction is predicated upon federal question jurisdiction.[11] Regardless, when the domestic relations exception is applied to deprive a court of federal

---

reasons..., abstention based remands..., remands based on § 1367..., remands based on § 1445(c)..., and remands based on the district court's discretionary powers under § 1441(c)..., among others.").

[7] ROA.865-6.

[8] *Id.*

[9] *Id.*

[10] U.S. Const. art. VI, cl. 2; *See Marbury v. Madison,* 5 U.S. 137, 138 (1803) ( "An act of congress repugnant to the constitution cannot become a law. The courts of the [United] States are bound to take notice of the constitution.").

[11] *See generally* Silverman, Bradley G., *Federal Questions and the Domestic-Relations Doctrine,* 125 Yale L.J. 1364 (2016).

question jurisdiction, such application is discretionary in cases "in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue..."[12] Ms. Stokes' invocation of her human rights under the Geneva Conventions along with a claim for federal protection is sufficient to trigger an inquiry into whether such a substantial federal question exists. Furthermore, this Court has expressly held that remand orders based upon discretionary reasons are reviewable.[13]

While application of the *Rooker-Feldman* doctrine does operate to constitutionally deprive a district court of subject matter jurisdiction when properly applied, the Supreme Court in *Exxon Mobil* clarified that "*Rooker* and *Feldman* exhibit the limited circumstances in which [the Supreme Court's] *appellate jurisdiction* over state-court judgments, 28 U. S. C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, *e. g.,* § 1330 (suits against foreign states), § 1331 (federal question), and § 1332 (diversity)."[14] The same principles set forth in *Exxon Mobil*

---

[12] *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 13 (2004); *see, e.g., Palmore v. Sidoti,* 466 U. S. 429, 432-434 (1984).

[13] *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 283 (5th Cir., 2004) ("[F]or a remand to be unreviewable, the district court must act within the authority granted to it by § 1447(c)... Non-§ 1447(c) grounds for which a district court might remand a case include those remands made for purely *discretionary reasons...*") (emphasis added).

[14] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)(emphasis added).

applies to circuit court review, because the question of whether or not existing subject-matter jurisdiction is deprived by the *Rooker-Feldman* doctrine is not purely a question of subject-matter jurisdiction but rather predominantly a question of appellate jurisdiction.[15] Furthermore, the district court did not make a finding that it lacked "subject matter" jurisdiction nor did the district use the phrase "subject matter jurisdiction"[16] Rather the district court found that "the removed actions seek to collaterally attack orders previously entered by the state court and thus cannot be heard in federal district court pursuant to the *Rooker-Feldman* doctrine."[17] The district court further cited a case that expressly refers to the *Rooker-Feldman* doctrine as a lack of "appellate jurisdiction" and does not use the phrase "subject matter jurisdiction."[18] Finally, application of § 1447(d) to deny appellate review of subject matter jurisdiction presents a federal question of constitutionality, in a case like this one, where allegations of civil and human rights violations have been made.[19]

---

[15] *Exxon Mobil Corp.*, 544 U.S. at 291-294 ("The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.").

[16] ROA.866.

[17] *Id.*

[18] *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir., 2000).

[19] *See Marbury v. Madison*, 5 U.S. at 138 ("An act of congress repugnant to the constitution cannot become a law. The courts of the [United] States are bound to take notice of the constitution."); *Marbury v. Madison*, 5 U.S. at 163 ("The very essence of civil liberty certainly consists in the right

**STATEMENT OF THE ISSUES PRESENTED FOR REVIEW**

1. Did the district court err by *sua sponte* issuing an order to remand claims when challenges to procedural defects had been waived?

2. Did the district court err by issuing an order to remand claims upon the application of the domestic relations exception to jurisdiction?

3. Did district court err by issuing an order to remand claims upon the application of the *Rooker-Feldman* doctrine?

**STATEMENT OF THE CASE**

The history of this case is complex and involves a significant amount of criminal and professional misconduct that remains unmediated at the time of the filing of this brief. While these complexities have the potential to serve as a distraction, the instant appeal concerns three narrow points of error to which the following factual and procedural history are relevant.

On February 16, 2017, Brandi K Stokes, Appellant, filed a Notice of Removal in the district court seeking removal of a state court Bill of Review claim which sought to declare void a final judgment in a child custody case on the ground of fraud or official mistake.[20] Removal was sought in response to significant violations of basic constitutional and human rights that remained unmediated by the state trial

---

of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection.").
[20] ROA.10–56.

and appellate courts despite significant safety concerns.[21] On March 17, 2017, Christopher Lance Corsbie filed a Motion to Sever and Remand in a related case.[22] On April 3, 2017, the district court filed an Order remanding all claims against Christopher Lance Corsbie back to state court citing "the Domestic Relations exception to federal jurisdiction" and "the *Rooker-Feldman* doctrine."[23] The Court acknowledged that Mr. Corsbie had not requested a remand in this case and admitted that the remand was based upon the motion filed in the related case.[24] On December 11, 2017, the Court issued a second Order clarifying in a footnote that removal is only available to defendants.[25]

Ms. Stokes now appeals the remand of her claims against Christopher Lance Corsbie.

## SUMMARY OF THE ARGUMENT

A.    The question of whether or not the remand would have been properly based upon a challenge to any procedural defect is not at issue in this case, because Mr. Corsbie waived any challenges to procedural defects by failing to raise an objection through the filing of a timely motion.

---

[21] ROA.12-17.
[22] ROA.865.
[23] ROA.864-867.
[24] ROA.865.
[25] ROA.1030-1034.

B. In *Ankenbrandt v. Richards*, the Supreme Court expressly held that the domestic relations exception to *federal diversity jurisdiction* exists as a matter of statutory construction, thus clarifying that application of the domestic relations exception strictly applies to cases seeking federal jurisdiction based solely upon 28 U.S.C. § 1332. Even if the domestic relations exception is rightfully applicable to federal question jurisdiction, the civil and human rights violations alleged in the case at issue are so severe that it would not be justified to decline 28 U.S.C. § 1331 jurisdiction on the basis of a domestic relations exception. Ms. Stokes, a veteran under the obligation of a Classified Information Nondisclosure Agreement, has pled facts sufficient to allege grave breaches of the Geneva Conventions. As such, Ms. Stokes' claims encompass the "rare instance" whereby it becomes "necessary to answer a substantial federal question that transcends or exists apart from the family law issue."

C. The *Rooker-Feldman* doctrine is simply not applicable in this case. It has long been the law that a federal court can set aside a state court judgment obtained through extrinsic fraud. While a successful claim for a bill of review when made pursuant to Texas law will result in a judgment being vacated, the mechanism that is used to vacate the judgment is not analogous to a review of

the judgment. Rather it is an independent claim under Texas law to which the

*Rooker-Feldman* doctrine does not serve as a bar to jurisdiction.

## ARGUMENT

Each point of error involves a question of law rather than a question of fact,

and as such, review of the issuance of the remand order is reviewable de novo.[26]

**A.    The district court erred in issuing an order to remand claims when challenges to procedural defects had been waived.**

The question of whether or not the remand would have been properly based

upon a challenge to any procedural defect is not at issue in this case, because Mr.

Corsbie waived any challenges to procedural defects by failing to raise an objection

through the filing of a timely motion.[27] The language of 28 U.S.C. § 1447(c) is very

clear that "[a] motion to remand the case on the basis of any defect other than lack

of subject matter jurisdiction must be made within 30 days after the filing of the

notice of removal."[28] As such, the district court abused its discretion to the extent

that it remanded the case *sua sponte* based upon a motion filed in another case.[29] The

---

[26] *Harris v. Parker College of Chiropractic*, 286 F.3d 790, 793 (5th Cir., 2002) ("[T]he standard of review to be applied is *de novo* with respect to pure questions of law.").

[27] *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *In re Allstate Ins. Co.*, 8 F.3d 219, 220 (5th Cir. 1993) ("This petition for writ of mandamus presents an issue of first impression in the circuit courts...to wit: whether the federal removal statute, 28 U.S.C. § 1441 et seq., permits a district court to remand a case *sua sponte* for a 'defect in removal procedure'... We conclude that the 1988 amendments to § 1447(c) divested the district courts of any such discretion.")(emphasis added); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991).

[28] *Id.*

[29] *Id.*

district court's finding that Mr. Corsbie intended to seek relief in both actions is insufficient to apply a motion filed in another case involving a different cause of action with different claims.[30]

## B.    The district court erred in issuing an order to remand claims upon the application of the domestic relations exception to jurisdiction.

Concluding that the federal courts have traditionally refused to adjudicate cases involving marital status or child custody issues and citing an opinion issued by this Court in 1987, the district court remanded Ms. Stokes' claims against Mr. Corsbie back to state court on the ground that the district court lacked jurisdiction pursuant to the domestic relations exception.[31] In the interim from 1987 to the present date, however, the Supreme Court has issued a comprehensive opinion concerning the domestic relations exception to federal jurisdiction that clarifies the limitations of its application.[32] In *Ankenbrandt v. Richards*, the Supreme Court expressly held that the domestic relations exception to *federal diversity jurisdiction* exists as a matter of statutory construction, thus clarifying that application of the domestic relations exception strictly applies to cases seeking federal jurisdiction based solely upon 28 U.S.C. § 1332.[33] The domestic relations exception is not

---

[30] *Id.*
[31] ROA.866; *Rykers v. Alford*, 832 F. 2d 895, 899 (5th Cir. 1987).
[32] *See generally Ankenbrandt v. Richards*, 504 U.S. 689 (1992).
[33] *Ankenbrandt v. Richards*, 504 U.S. at 700 ("We thus are content to rest our conclusion that a domestic relations exception exists as a matter of statutory construction not on the accuracy of the historical justifications on which it was seemingly based, but rather on Congress' apparent

applicable to this case simply because 28 U.S.C. § 1332 was not a ground for jurisdiction advanced by Ms. Stokes.

While application of the domestic relations exception to federal question jurisdiction may arguably be within the discretion of the court generally, application of the doctrine presents a question of constitutionality when the doctrine is applied to deny relief from civil and human rights violations, and in this case, the child custody proceedings have been used to circumvent a right of protection from grave breaches of the Geneva Conventions.[34] As such, Ms. Stokes' claims encompass the "rare instance" whereby it becomes "necessary to answer a substantial federal question that transcends or exists apart from the family law issue."[35]

## C.    The district court erred in issuing an order to remand claims upon the application of the *Rooker-Feldman* doctrine.

Concluding that Ms. Stokes' claims seek to "collaterally attack orders previously entered by the state court," the district court severed and remanded Ms. Stokes' claims against Mr. Corsbie back to state court on the ground that the district

---

acceptance of this construction of the diversity jurisdiction provisions in the years prior to 1948, when the statute limited jurisdiction to "suits of a civil nature at common law or in equity.").

[34] *See Marbury v. Madison*, 5 U.S. at 163 ("The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury."); ROA.14 ("Plaintiff has been maliciously subjected to cruel treatment, torture, outrages upon dignity, and humiliating and degrading treatment. Despite several reports to the FBI and local police authorities, Plaintiff has been unable to procure any meaningful assistance from ongoing attempts to compromise Plaintiff and her family.").

[35] *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 13 (2004); *see, e.g., Palmore v. Sidoti*, 466 U. S. 429, 432-434 (1984).

court lacked jurisdiction pursuant to the *Rooker-Feldman* doctrine.[36] While the district court did not provide much in the way of reasoning to support its conclusion, the *Rooker-Feldman* doctrine is not applicable in this case. It has long been the law that a federal court can set aside a state court judgment obtained through extrinsic fraud.[37] Relying upon "the doctrine laid down in *Gaines* v. *Fuentes*," the Supreme Court in *Barrow v. Hunton* distinguished between errors by the state court, which could not be reviewed in federal circuit court, and fraud in the state court proceedings, which could be the basis for an independent suit in circuit court.[38] Anticipating the *Rooker-Feldman* doctrine, the Court wrote: "[i]n the one class there would be a mere revision of errors and irregularities, or of the legality and correctness of the judgments and decrees of the State courts; and in the other class, the investigation of a new case arising upon new facts, although having relation to the validity of an actual judgment or decree, or of the party's right to claim any benefit by reason thereof."[39] The Court further warned that [i]f the State legislatures could, by investing certain courts with exclusive jurisdiction over certain subjects, deprive the Federal courts of all jurisdiction, they might seriously interfere with the right of the citizen to resort to those courts."[40]

---

[36] ROA.866.
[37] *Barrow v. Hunton*, 99 U.S. 80, 83 (1878); *see generally Gaines v. Fuentes*, 92 U S. 10 (1876).
[38] The federal circuit court was a trial court at that time.
[39] *Barrow v. Hunton*, 99 U.S. at 83.
[40] *Barrow v. Hunton*, 99 U.S. 80, 85.

In recent years, the Supreme Court and several circuit courts have followed suit and have likewise curtailed the use of the *Rooker-Feldman* doctrine in cases involving extrinsic fraud.[41] In fact, this Court provided a detailed analysis regarding the misapplication of the *Rooker-Feldman* doctrine in a case, like this one, where an independent cause of action is being advanced.[42] After providing a detailed analysis regarding the narrow application of the *Rooker-Feldman* doctrine, this Court concluded in *Truong* that the *Rooker-Feldman* doctrine served as no bar to the Plaintiff's independent claims.[43] In fact, the *Truong* court confirmed that when a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction.[44] While one case cited in the *Truong* analysis concluded that the *Rooker-Feldman* Doctrine did bar a claim

---

[41] *See Truong v. Bank of Am., N.A.*, 717 F.3d 377 (5th Cir. 2013).

[42] *Id.*

[43] *See Truong v. Bank of Am., N.A.*, 717 F.3d at 382-385 ("Because the *Rooker–Feldman* doctrine is jurisdictional, we must address this issue first... Reduced to its essence, the *Rooker–Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments" except when authorized by Congress... The Supreme Court has explained that the doctrine is a narrow one and "is confined to ... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments... The Supreme Court has cautioned that in light of the "narrow ground" *Rooker–Feldman* occupies, it does not prohibit a plaintiff from "present[ing] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party... In these circumstances, state-law preclusion principles control... The second hallmark of the *Rooker–Feldman* inquiry is the source of the federal plaintiff's alleged injury... [I]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction...").

[44] *Truong v. Bank of Am., N.A.*, 717 F.3d at 383.

that a state child support order is void, that holding is limited to the facts of the case before the court, which made an unsophisticated challenge that did not distinguish the claim as an independent claim for relief.[45] The *Mosely v. Bowie Cnty. Tex.* Court expressly went on to state that "[u]nder some circumstances, a federal court may review the state court record to determine if the judgment is void."[46] Such a circumstance exists in the case at issue.

Ms. Stokes' state law claims against Mr. Corsbie arise pursuant to a mechanism under state law, called a bill of review, that provides equitable relief from a judgment obtained through fraud or official mistake. The Texas Supreme Court has explained that "[a] bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment which is no longer appealable or subject to motion for new trial."[47] As such, a bill of review is not an appeal of the underlying judgment, but rather a direct attack on the judgment.[48] Moreover, a bill of review has its own elements and does not require review of the judgment from which relief is sought.[49] Specifically, the claimant must prove that (1) there existed a meritorious claim or defense, (2) that claimant was

---

[45] *Mosley v. Bowie Cnty. Tex.*, 275 Fed. Appx. 327, 327-29 (5th Cir. 2008).

[46] *Mosley v. Bowie Cnty. Tex.*, 275 Fed. Appx. at 329 (citing *United States v. Shepherd*, 23 F.3d 923, 925 (5th Cir. 1994)).

[47] *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979)

[48] *McEwen v. Harrison*, 345 S.W.2d 706, 709 (Tex. 1961).

[49] *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998); *Nichols v. Jack Eckerd Corp.*, 908 S.W.2d 5, 8 (Tex. App.-Houston [1st Dist.] 1995, no writ).

prevented from *asserting* by the fraud, accident, or wrongful act of his opponent or by official mistake, and (3) an absence of fault or negligence of the complainant.[50] While a successful claim for a bill of review will result in a judgment being vacated, the mechanism that is used to vacate the judgment is not analogous to a review of the judgment.[51] It is an independent claim under Texas law to which the *Rooker-Feldman* doctrine does not serve as a bar to jurisdiction.[52]

## CONCLUSION

The district court erred in 1) issuing an order to remand claims when challenges to procedural defects had been waived, 2) issuing an order to remand claims upon the application of the domestic relations exception to jurisdiction, and 3) issuing an order to remand claims upon the application of the *Rooker-Feldman* doctrine. As such, this Court should reverse the district court's remand of Ms. Stokes' claims against Mr. Corsbie and remand this case with instructions to reinstate Ms. Stokes' claims against Mr. Corsbie.

Respectfully submitted,

Brandi K Stokes
*Pro Se* Appellant

Dated: March 28, 2018

---

[50] *Id.*
[51] *See id.*
[52] *See Truong v. Bank of Am., N.A.,* 717 F.3d at 382-385.

## CERTIFICATE OF SERVICE

I hereby certify that this document has been served in compliance with Fed.

R. App. P. 25 by Certified Mail Return Receipt Requested upon all parties or their

counsel of record to this proceeding as identified below on the 28th day of March,

2018, with each party or counsel of record being provided with two paper copies and

one electronic copy in PDF format on CD-ROM.

Joseph Rodriguez
United States Attorney
Western District of Texas
601 NW Loop 410, Ste. 600
Antonio, Texas 78216
Attorney for Defendant/Appellant United States of America

Samuel E. Bassett
1100 Guadalupe Street
Austin, Texas 78701
Trial Attorney for Christopher Lance Corsbie

Christopher Lance Corsbie
2200 Allred Drive
Austin, Texas 78748
*Pro Se* Defendant/Appellant

Perry Quillin Minton
1100 Guadalupe Street
Austin, Texas 78701
*Pro Se* Defendant/Appellant

Brandi & Stk

Brandi K Stokes
*Pro Se* Appellant

Dated: March 28, 2018

**CERTIFICATE OF COMPLIANCE**

1.  This document complies with the type-volume limitation requirements of Fed. R. App. P. 32(a)(7)(B), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 4265 words.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because this document has been prepared in a proportionally spaced typeface in Microsoft Word 2016 using 14-point Times New Roman font for the main text and 12-point Times New Roman font for the footnotes.

Brandi K Stokes
*Pro Se* Appellant

Dated: March 28, 2018