# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ALEXANDER E. JONES | § | |
| | § | |
| V. | § | A-18-CV-318-LY |
| | § | |
| KELLY R. JONES | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Alexander E. Jones' Motion to Remand to State Court (Dkt. No. 5) and Plaintiff Kelly R. Jones' Response (Dkt. No. 15). The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Rules.

## I. ANALYSIS

Defendant Kelly Jones removed this dispute after Plaintiff Alexander Jones filed a petition seeking modification of a prior Travis County District Court custody order. In the removal notice, Kelly Jones pointed to "[g]ross violations of the Defendant's human and civil rights" under the First, Fourth, and Fourteenth Amendments as the basis for federal jurisdiction in this case. Dkt. No. 1 at 1. Plaintiff Alexander Jones moves to remand this case to state court.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This Court lacks jurisdiction to hear Jones' claims under the domestic relations exception to federal jurisdiction. Under the domestic relations exception, federal courts have traditionally refused to adjudicate cases involving marital status or child custody issues. *Rykers v. Alford,* 832 F.2d 895, 899 (5th Cir. 1987). Courts have reasoned that (1) the state courts have greater expertise and interest in domestic matters; (2) such disputes often require ongoing

supervision, a task for which the federal courts are not suited; (3) piecemeal adjudication of such disputes increases the chance of different court systems handing down incompatible decrees; and (4) such cases serve no particular federal interest, while crowding the federal court docket. *Id.* at 899-900. "If the federal court must determine which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case." *Id.* at 900.

Kelly Jones argues that this Court has federal question, not diversity, jurisdiction, and thus the domestic relations exception does not apply. Dkt. No. 15 at 3–4. However, a court looks only at the plaintiff's well-pleaded complaint to determine if a claim arises under federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). Here, Kelly Jones removed Alexander Jones' Petition to Modify Parent-Child Relationship, which is clearly premised on state law, and does not present a federal question. Kelly Jones' has not brought a separate suit alleging civil rights claims, but has instead merely removed the state court custody petition.[1] Thus, this Court does not have federal question jurisdiction over the dispute.

## II. RECOMMENDATION

Based upon the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff Alexander Jones' Motion to Remand (Dkt. No. 5) and **REMAND** this action to state court. All other motions should be **DISMISSED AS MOOT**.

---

[1] Were she to do so, this suit would almost assuredly be barred by the *Rooker–Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and invoking district court review and rejection of those judgments").

### III.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of May, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE